IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KIM BARTON,               )
                        )
        Plaintiff,          )
                        )
     v.                )      CIVIL ACTION NO. 2:05-CV-1017
                        )
JO ANNE B. BARNHART   )
COMMISSIONER OF SOCIAL  )
SECURITY,             )
                        )
       Defendant.     )

## MEMORANDUM OPINION

### I.  Introduction.

The plaintiff in this case has applied for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  After two hearings, the ALJ also denied the claim.  The Appeals Council rejected the plaintiff's subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  This case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the United States Magistrate Judge (docs. #8-9, filed November 22, 2005).   Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  Discussion

The plaintiff was forty-one years old at the time of the second hearing before the ALJ and has an eleventh grade education with a GED. Her past relevant work experience includes work as a self-employed cosmetologist. The ALJ found that the plaintiff suffered from "severe" medical impairments, but concluded that the plaintiff was not disabled because she could return to her past relevant work.

The plaintiff raises one issue for review: whether the ALJ improperly discounted the

plaintiff's subjective testimony of disabling pain.

Under 42 U.S.C. § 423(d)(5)(A) and 20 C.F.R. § 416.929(b) & (c), the ALJ could not find the plaintiff's pain disabling unless medical signs or laboratory findings established a medical impairment that could reasonably be expected to cause the pain. *Elam v. Railroad Retirement Board*, 921 F.2d 1210, 1214-15 (11th Cir. 1991); *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999).[3] In this case, at the second hearing, a medical expert examined the record and testified that the plaintiff's medical problems – as shown in objective medical records, including a physical examination (Tr. 141-43) – did not significantly affect her ability to perform basic work-related activities (Tr. 239-41, 244, 251).   Specifically, with respect to the plaintiff's osteomyelitis of the right leg,[4] the expert noted that the records showed a history of that disease, but no *active* osteomyelitis; no atrophy; no swelling, redness, or heat; normal gait, station, and straight leg raising; and a normal sedimentation rate, which the expert stated showed no active infections process.  The expert concluded that osteomyelitis "basically is not a significant problem in the record at this time" (Tr. 240).  With respect to the plaintiff's fibroids in her uterus, the medical expert stated that these would not significantly affect the plaintiff's ability to perform work activities unless they caused

_____

[3] The hearing took place in New York, which lies within the Second Judicial Circuit, but the plaintiff moved to Alabama before filing this action.  Under 42 U.S.C. § 405(g), the plaintiff correctly filed this action in the district where she resides, instead of the district in which the hearing took place.  In the absence of controlling authority to the contrary, this court follows the precedents of the Eleventh Circuit Court of Appeals.

[4] Osteomyletis and associated leg pain were the plaintiff's primary and most consistent complaints (Tr. 80, 94, 107, 132, 134, 138-39, 141, 171-72, 177-78, 198, 202-05, 232, 235, 268, 274).

"massive bleeding." He said that the records contained no evidence of massive bleeding and, furthermore, that the plaintiff's testimony was inconsistent with massive bleeding because she did not receive iron replacement therapy (Tr. 240-42). With respect to the plaintiff's depression, the medical expert stated that "there's nothing in this record to suggest that this is more than a mild degree, with only recent use of medication. And that's really all the record shows" (Tr. 240). The ALJ adopted the findings of the expert (Tr. 13),[5] and the court's independent review of the record supports these findings (Tr. 12-13, 141-43, 163, 171-75, 186, 192, 196, 206, 217-20). At the hearing, the plaintiff also alleged herpes simplex II and a fifteen-year-old arm injury that impaired the use of her left hand (Tr. 231-32, 274-77), but independent review of the record does not reveal records that establish these impairments.[6]

Thus, the ALJ found, and adequately supported his finding, that the record did not contain medical signs or laboratory findings establishing a current medical impairment that would reasonably be expected to cause disabling pain. Accordingly, under 42 U.S.C. § 423(d)(5)(A) and 20 C.F.R. § 416.929(b) & (c), he could not have found the plaintiff's pain disabling based on her subjective complaints, and any error he made in discounting those

---

[5] Confusingly, in light of this finding, the ALJ found that the plaintiff had "severe impairments" (Tr. 15) but did not specify what those impairments were. Under 20 C.F.R. § 416.921(a), an impairment in an adult is not severe if it does not significantly limit the adult's ability to perform basic work activities; as shown here, the ALJ found (and adequately supported his finding) that the listed impairments did not do this.

[6] In fact, a physical examination in May 2002 established that the plaintiff's "hand dexterity [was] normal," that she could make fists with both hands, and that there was "no functional deficit" resulting from her prior arm injury (Tr. 141-43).

complaints[7] was harmless. *See Brown v. Barnhart*, 2005 WL 1423241 at *2 (S.D.N.Y. Jun 16, 2005).   Furthermore, as noted by the ALJ, the plaintiff's testimony established that her osteomyelitis and her alleged arm injury had occurred more than ten years before and, thus, predated the past relevant work that the ALJ found she could perform (Tr. 14, 232, 235, 247-248).   The decision of the ALJ is due to be affirmed.

## IV. Conclusion

The court has carefully and independently reviewed the- record, and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.   A separate order will issue.

DONE, this 6th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[7] Two of the ALJ's reasons were arguably invalid.  The ALJ stated that the plaintiff's FICA earnings (Tr. 78) did not match her reported earnings as a self-employed beautician (Tr. 14, 271-72). However, FICA taxes are not collected from self-employed persons, 26 U.S.C. §§ 3101, 3121, and the court finds no indication that self-employment income would be reported as FICA earnings.  Also, the ALJ noted – albeit with the qualifier that this was "not dispositive" – that the plaintiff left the hearing "quite briskly," opened a pneumatic door without difficulty, and sat through the hearing wihout discomfort (Tr. 14).  The plaintiff's reported movements were not incompatible with the plaintiff's testimony that she could walk for at least half an hour, walk up four flights of stairs to her apartment, and use her right arm.  The fact that she "sat through the hearing without discomfort" was an improper consideration.  *McRoberts v. Bowen*, 841 F.2d 1077, 1081 (11th Cir. 1988); *Aubeuf v. Schweiker*, 649 F.2d 107, 113 (2d Cir. 1981).

The ALJ's other reasons for discounting the plaintiff's testimony were valid.  He noted inconsistencies in her statements about how long she could stand and walk (Tr. 93, 245-46, 278-79); her self-reported jogging and jumping jacks (Tr. 12, 116); and the inconsistency between her report of "massive bleeding" and the record as interpreted by the medical expert (Tr. 13, 240-42).  The court further notes that the plaintiff's FICA earnings do not match the employment she reported at the initial administrative level, which does not include the cosmetologist job she reported at the hearing (Tr. 78, 81), and that she claimed "no history" of venereal disease in 2001 (Tr. 198) even though she had been diagnosed with syphilis and chlymidia in 2000 (Tr. 126, 169).